Judy HOLBIRD and Jared Holbird *v.* STATE of Arkansas

CR 89-23                                                          771 S.W.2d 775

Supreme Court of Arkansas
Opinion delivered June 26, 1989

*R. Paul Hughes III*, Chief Deputy Public Defender, for appellant.

*Steve Clark*, Att'y Gen., by: *Tim Humphries*, Asst. Att'y Gen., for appellee.

DARRELL HICKMAN, Justice. Judy Holbird and her son, Jared, were convicted of the aggravated robbery of the Pizza Inn in Fort Smith. Mrs. Holbird was also convicted of being a felon in possession of a firearm. The robbery occurred on February 28, 1989. The evidence of their guilt is overwhelming. There were seven eyewitnesses to the robbery, and all identified the Holbirds. In addition, both appellants confessed to the robbery. They make three arguments on appeal, which we find meritless.

First, it is argued that the trial court erred in refusing to extend the trial to a third day so the defense could call a witness, Ralph Turbyfill from the state crime lab. Mr. Turbyfill was a fingerprint expert who examined the fingerprints from a vehicle stolen during the robbery, and would testify none of the prints could be matched with those of the appellants. The state was willing to stipulate to the testimony.

The trial judge originally scheduled the trial for three days. In anticipation of that, the defense issued a subpoena for the expert, but for an appearance on the third day. The judge was not informed of this and no request was made of the judge beforehand to make certain that this witness would not be needed until the third day. As it turned out, the state rested its case at noon on the second day, and the court told the defense to be ready to present its witnesses that day. Efforts were made to locate Mr. Turbyfill but he was out of town and unavailable until the next day. The state agreed to stipulate to the witness' testimony, but the defense wanted the witness' live testimony.

■ The trial judge refused to grant a continuance, and we find no abuse of discretion. Furthermore, the expert's testimony was not material because, in light of the other evidence against the appellants, it would not have affected the outcome of the trial. *See U.S.* v. *Valenzuela-Bernal*, 458 U.S. 858 (1982). There is no error in denying a continuance to obtain evidence that is not material and relevant. *Parker* v. *State*, 292 Ark. 421, 731 S.W.2d 756 (1987).

The second argument concerns the testimony of a third defendant, Lisa Dees, the daughter of Judy Holbird. She was also charged, but the jury could not reach a verdict in her case. When Judy Holbird was arrested, there was a shootout, and she and an officer were injured. Mrs. Holbird was charged with attempted capital murder. During Lisa's testimony, the appellants moved for a mistrial, claiming Lisa had referred to the attempted murder charge. Her first testimony, which elicited the motion, was this:

Q. Okay, did they search just the closet?

A. No, they did not.

Q. Why not?

A. Well, I don't know why.

Q. Well, did they find . . .

A. Well, when we went in the house, I went back to show what closet I was talking about and I started to show them what was my mother's stuff because some other friends had clothes and stuff in there too and then I just told him. . .

At this point, Mrs. Holbird's counsel objected and asked for a mistrial, saying it appeared "we're about three minutes away from the shooting with which my client is charged." The judge did not grant the mistrial.

Later in her testimony, Lisa was questioned about the circumstances under which she gave her statement to the police:

Q. Did they make any threats that you would have charges brought against you at that time?

A. Shortly after that.

Q. Okay, and what did they threaten to charge you with?

A. Detective Thomas threatened to charge me with accessory to attempted capital murder.

At this point counsel objected again and again asked for a mistrial, which was refused.

■ The question is whether the trial judge abused his discretion in refusing to grant a mistrial. *King* v. *State*, 298 Ark. 476, 769 S.W.2d 407 (1989). We cannot say that he did. The first part of Lisa's testimony only anticipated a reference to the shooting; the second part only made an indirect reference to the charge. Considering the fact that a mistrial is a drastic remedy and the reference was obtuse, we find no error in the judge's decision.

Finally, it is argued that a severance should have been granted, because a codefendant's statement (Lisa's) which made reference to the other defendants, was admitted into evidence. Any reference to the Holbirds in the statement was "whited" out, but the Holbirds claim they were prejudiced nevertheless. *See* A.R.Cr.P. Rule 22.3(a).

■■ The confrontation clause of the United States Constitution guarantees the right of a criminal defendant to be confronted with witnesses against him. That guarantee includes the right to cross-examine witnesses. When two or more defendants are tried jointly, the pretrial confession of one which implicates the other is not admissible unless the confessing defendant takes the stand and is subject to cross-examination. *Cruz* v. *New York*, 481 U.S. 186 (1987); *Richardson* v. *Marsh*, 481 U.S. 200 (1987). *See also Moore* v. *State*, 297 Ark. 296, 761 S.W.2d 894 (1988).

■ In this case, Lisa Dees took the stand and was subject to cross-examination. Therefore, the appellants had no right to severance.

Affirmed.