Danny BALDRIDGE *v.* STATE of Arkansas

CA CR 89-245                                    798 S.W.2d 127

Court of Appeals of Arkansas
Division II
Opinion delivered November 7, 1990
[Supplemental Opinion on Denial of Rehearing
December 26, 1990.]

*Chet Dunlap*, for appellant.

*Steve Clark*, Att'y Gen., *John D. Harris*, Asst. Att'y Gen., for appellee.

JAMES R. COOPER, Judge. In this criminal case the appellant was convicted by a Craighead County jury for the rape of his eleven-year-old nephew. He was sentenced to thirty years in the Arkansas Department of Correction. From that decision comes this appeal.

The sole issue on appeal concerns an evidentiary ruling. During the first day of trial the judge granted the appellant's motion in limine to exclude testimony of three young girls about other crimes, wrongs, or acts allegedly committed by the appellant. On the second day of trial the court reversed that ruling and allowed the State to call one of the girls as a witness in its case in chief. The appellant's eleven-year-old niece testified about sexual advances the appellant allegedly made toward her when she was seven or eight years old. The trial court ruled the testimony admissible under case law as an exception to Ark. R. Evid. 404(b), and that the probative value of the testimony outweighed its prejudicial effect, but the court did give a cautionary instruction to the jury.

The appellant argues that this testimony is irrelevant to the material issue in the case, whether or not he raped his nephew; furthermore, he contends that the testimony's prejudicial effect outweighs its probative value. We disagree with the appellant's arguments and affirm.

Arkansas Rule of Evidence 404(b) permits the introduction of testimony of other criminal activity when the testimony is "independently relevant to the main issue—relevant in the sense of tending to prove some material point in the case rather than merely tending to prove that the defendant is a criminal." *White* v. *State*, 290 Ark. 130, 717 S.W.2d 784 (1986). In incest and child abuse cases character evidence which would ordinarily be inadmissible under Rule 404(b) is admissible when it is helpful to show a proclivity toward a specific act with a person or class of persons with whom the accused has an intimate relationship. *Free* v. *State*, 293 Ark. 65, 732 S.W.2d 452 (1987). The Arkansas Supreme Court has recognized the rule that proof

of prior incestuous acts with the same person is admissible to show the relation and intimacy of the parties, their disposition and their antecedent conduct toward each other and to corroborate the testimony of the accused. *Free, supra.* The court has also said that such evidence may help prove the depraved sexual instinct of the accused. *Free, supra,* citing *Collins* v. *State,* 11 Ark. App. 282, 669 S.W.2d 505 (1984).

■ In the case at bar, however, the issue involves the admissibility of testimony concerning prior sexual acts between the appellant and an individual other than the victim in the present rape case. In the context of incest and child abuse cases, the question of the admissibility of evidence of prior offenses between different individuals must be determined on a case-by-case basis. Proper admission of this testimony requires a fact-intensive inquiry conducted by the trial court, keeping in mind the purpose of Rule 404(b), the rationale behind case law which has allowed the admission of such testimony, and the considerations required by Rule 403. This approach is preferable to a rigid, mechanistic rule which would automatically exclude such evidence regardless of its relevancy, its purpose, or its probative value.

■ The Arkansas Supreme Court has held that it is for the trial court to determine whether the evidence is genuinely relevant to some independent issue in the case, as opposed to proving only that the appellant is a bad man. *Sweatt* v. *State,* 251 Ark. 650, 473 S.W.2d 913 (1971). If independent relevancy is established the trial court must then consider the evidence in light of Ark. R. Evid. 403 which provides:

> Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

If the trial court determines that the evidence is independently relevant under Rule 404(b), and is properly admissible under Rule 403, the evidence may be admitted with a proper cautionary instruction given by the court. *Young* v. *State,* 296 Ark. 394, 757 S.W.2d 544 (1988).

In the case before us, the appellant argues that his niece's testimony relating prior sexual advances he made to her is irrelevant to the issue of whether or not he raped his nephew. The trial court found that the niece's testimony was probative evidence of the appellant's proclivity toward an unnatural sex act and was independently relevant to show opportunity, plan, or motive.

The appellant's proclivity toward unnatural sex acts was a material issue in the case because the appellant claimed that the alleged acts with his nephew suggested that he was a homosexual and that he has never had such a tendency in his life. The niece's testimony reflects directly on the rape charge and on the appellant's unnatural sexual instinct. The appellant attempts to draw a distinction between the incestuous acts with a niece and nephew based on gender, but this ignores the salient fact that both of the incidents involved preadolescent children who were related to the appellant. Opportunity was also a material issue in the case because the appellant testified that, although his nephew often stayed overnight with him and his family, he could not recall ever being alone with him. The niece testified to three occasions when the appellant made sexual advances toward her while she was visiting the appellant's home: in one instance the family was sitting in the living room watching television; on another occasion the appellant woke her up early one morning while everyone else was asleep; and on another occasion the appellant took her to the store with him and his son. From the record it is clear that her testimony is relevant to the issue of opportunity and possibly plan or motive. The cases cited by the appellee and trial court in support of the admissibility of the evidence are distinguishable based on the facts and, even assuming that the appellant is correct with regard to the application of these cases as they relate to the admissibility of the evidence for the purpose of showing his proclivity toward an unnatural sex act, we would not reverse because the testimony was properly admissible to show opportunity. *See McDaniel* v. *State*, 291 Ark. 596, 726 S.W.2d 679 (1987). Furthermore, we are of the opinion that any prejudice against the appellant was outweighed by the probative value of the testimony and the evidence was properly admitted in light of its limited purpose and the cautionary instruction given by the trial court. We affirm.

Affirmed.

CRACRAFT and MAYFIELD, JJ., agree.

SUPPLEMENTAL OPINION ON DENIAL OF REHEARING
DECEMBER 26, 1990

802 S.W.2d 147

*Chet Dunlap*, for petitioner.

*Ron Fields*, Att'y Gen., by: *John D. Harris*, Asst. Att'y Gen., for respondent.

JAMES R. COOPER, Judge. In his petition for rehearing the appellant contends that we made an error of fact which justifies a rehearing because we erroneously stated in our opinion that "during the first day of trial the judge granted the appellant's motion in limine to exclude testimony of three young girls about other crimes, wrongs or acts allegedly committed by the appellant. On the second day of trial the court reversed that ruling and allowed the State to call one of the girls as a witness in its case in chief."

The appellant correctly points out that our opinion contains a misstatement of fact: the motion in limine was not granted on the first day of trial, as we stated, but was instead granted approximately two months beforehand. However, this misstatement of fact does not warrant rehearing because it was inconsequential to our analysis or to the outcome of the case. Our opinion

did not turn on the time at which the circuit judge granted the motion and reversed his ruling.

The appellant claimed at trial that he was not prepared to defend against this testimony and argued that the evidence was inadmissible based on its prejudicial content. Because the appellant failed to move for a continuance at trial and because the appellant addressed the admissibility of the evidence in his brief, we viewed his argument as going to the admissibility of the evidence and we proceeded with our analysis accordingly.

The remedy for the appellant's lack of preparedness would not have been the exclusion of the evidence at the trial; rather, it would have been more time to prepare his defense. Therefore, he should have made a timely request for a continuance at trial. Arkansas courts have the discretion to grant continuances in criminal cases upon a showing of good cause. A.R.Cr.P. Rule 27.3. The motion for a continuance may be oral, *See Walls* v. *State*, 8 Ark. App. 315, 652 S.W.2d 37 (1983), and may be made during the trial. *See Hart* v. *State*, 301 Ark. 200, 783 S.W.2d 40 (1990); *Holbird* v. *State*, 299 Ark. 245, 771 S.W.2d 775, (1989). The appellant did not move for a continuance at trial. His argument on appeal that he relied on the trial judge's earlier ruling was undeveloped in his brief and unsupported by citation to authority. Most significantly, any error which may have occurred was waived by the appellant's failure to move for a continuance. *See Decker* v. *State*, 255 Ark. 138, 455 S.W.2d 612 (1973). Therefore, rehearing is not warranted and the appellant's petition is denied.

Petition denied.