Charles THOMPSON *v.* STATE of Arkansas

CR 95-766                                    910 S.W.2d 694

Supreme Court of Arkansas
Opinion delivered December 4, 1995

*Robert C. Marquette*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Kent G. Holt*, Asst. Att'y Gen., for appellee.

DAVID NEWBERN, Justice. Charles Thompson was convicted of raping his 12-year-old son and sentenced to 40 years' imprisonment. A younger sister of the alleged victim testified to having observed the rape and to having been a victim herself. Mr. Thompson's counsel made a pretrial request for the information to which Ark. R. Crim. P. 17.1 entitles a criminal defendant. He contends the Trial Court erred by not declaring a mistrial as the State did not provide him with a statement the sister had made earlier to a police officer and had not provided him with a medical report about her condition. He also contends the sister should not have been allowed to testify about having been a victim because it did not fall within any exception found in Ark. R. Evid. 404(b) which governs admissibility of evidence of other crimes. We affirm because (1) Mr. Thompson was not entitled to the sister's statement, (2) he has demonstrated no unfair prejudice resulting from failure to provide the medical report, and (3) we allow evidence of child sexual abuse suffered by another child in the same household as that of the alleged victim.

### 1. The statement and report

During the testimony of the sister it was revealed that she had previously spoken with a police officer who had recorded their conversation. That police officer did not testify, nor was the tape recording of the statement introduced. It also came to light that the prosecutor had in his file in the courtroom a Department of Human Services record of a medical examination of the sister. The report was not offered in evidence, nor was the testi-

mony of the examining physician offered. Counsel sought a mistrial with respect to the statement and again with respect to the medical report and argued, in effect, that the documents could have been used to impeach the children's testimony. We have no idea what either item contained.

### a. The statement

According to Ark. R. Crim. P. 17.1(a)(i) the State is required to furnish to the defendant the names and addresses of its witnesses. The sister's name was furnished. Subsection (a)(iv) of the Rule also requires that "any reports or statements of experts, made in connection with the particular case, including results of physical . . . examinations" be provided.

No doubt the State was required to give Mr. Thompson the name of a witness to be called against him, and it did so, but he cites nothing to support his apparent claim that the State was required to furnish him with the statement the sister gave to a police officer. He did not seek a continuance to ascertain the contents of the tape recording, and he makes no claim that the sister's statement was or could have been exculpatory.

Mr. Thompson cites *Lewis v. State*, 286 Ark. 372, 691 S.W.2d 864 (1985), and argues had he known the sister was to testify that she too was a rape victim, he could have prepared to meet that testimony. In the *Lewis* case we reversed a conviction not because the State had failed to provide the defendant with the statement of a witness but because the identity of the witness had not been furnished. The case does not stand for the proposition that the State was obliged to furnish Mr. Thompson with a statement made by the sister.

### b. The medical report

As to the medical report and the separate motion for mistrial, the argument is that Rule 17.1 specifically requires that such a report be furnished to the defendant. The State inexplicably does not respond. The Trial Court remarked that the State should have furnished the medical report, and we agree. We cannot reverse on the point, however. As the report was not in evidence, we cannot ascertain whether any prejudice resulted from failure of the State to have furnished it to Mr. Thompson.

Defense counsel informed the Trial Court that the prosecutor had a medical report and said "we would like to offer that." The prosecutor then apparently produced a document and professed confusion as to its nature. It was apparently not marked for identification, admitted into evidence, or mentioned further, except for the Trial Court's statement that he would let defense counsel read the report.

■ The only remedy requested by Mr. Thompson was a mistrial. A mistrial is an extreme sanction for a Rule 17.1 violation and is to be avoided unless the fundamental fairness of the trial itself is at stake. *Clements* v. *State*, 303 Ark. 319, 796 S.W.2d 839 (1990); *Snell* v. *State*, 290 Ark. 503, 721 S.W.2d 628 (1986), *cert. denied*, 484 U.S. 872 (1987). We will not reverse absent a showing of unfair prejudice. *Davis* v. *State*, 308 Ark. 481, 825 S.W.2d 584 (1992); *Berna* v. *State*, 282 Ark. 563, 670 S.W.2d 434 (1984), *cert. denied* 470 U.S. 1085 (1985).

### 2. Other crimes

Mr. Thompson moved *in limine* to exclude anticipated evidence of other crimes on the ground that the evidence is inadmissible according to Ark. R. Evid. 404(b). The ruling on the motion was deferred until presentation of the testimony in question. When the sister testified, the Trial Court admonished the jury to the effect that her testimony about other crimes was to be admitted to show only "motive, opportunity, intent, knowledge, identity and absence of mistake," apparently quoting the Rule.

Mr. Thompson says the sister's testimony was inadmissible because the Trial Court failed to conduct a "fact-intensive inquiry" prior to admission of the testimony, citing *Baldridge* v. *State*, 32 Ark. App. 160, 798 S.W.2d 127 (1990). There the appellant was convicted of raping his nephew. At trial, his niece was allowed to testify about sexual advances the appellant made toward her. The Court of Appeals affirmed the conviction and held that the testimony was properly admitted because the niece's testimony was relevant on the issues of opportunity, plan, and motive.

■ Evidence of other sexual acts with children is admissible when it tends to show a proclivity toward a specific act with a person or class of persons with whom the accused has had an intimate relationship. *Jarrett* v. *State*, 310 Ark. 358, 833 S.W.2d

779 (1992); *Marcum* v. *State*, 299 Ark. 30, 771 S.W.2d 250 (1989); *Free* v. *State*, 293 Ark. 65, 732 S.W.2d 452 (1987). The testimony of other rape victims is relevant in a criminal trial for the rape of an underage victim to show "motive, intent or plan." *Morgan* v. *State*, 308 Ark. 627, 826 S.W.2d 271 (1992).

Affirmed.