James MUNSON *v.* STATE of Arkansas

CR 97-247                                          959 S.W.2d 391

Supreme Court of Arkansas
Opinion delivered January 15, 1998

*McKeel Law Firm*, by: *Agather McKeel* and *Suphan Law Firm*, by: *Charles V. Suphan*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Sandy Moll*, Asst. Att'y Gen., for appellee.

DAVID NEWBERN, Justice. Appellant James Munson was convicted of violation of a minor in the first degree and sentenced to fifteen years in prison. The jury found that Mr. Munson violated his wife's fourteen-year-old sister who was visiting in the Munsons' home when the crime occurred. Mr. Munson asserts a "cumulative error" argument. We decline to consider that argument as Mr. Munson's abstract of the record does not demonstrate that any such argument was made to the Trial Court. Mr. Munson also contends that letters written by him to his wife should have been excluded from evidence on the basis of the marital privilege, Ark. R. Evid. 504. We hold that the letters were admissible as Mr. Munson was charged with committing a crime against a person who resided in the couple's home. We also reject Mr. Munson's several arguments concerning admissibility of evidence of Mr. Munson's earlier abuse of a former female stepchild.

## 1. *Cumulative error*

■ Mr. Munson argues that the cumulative weight of the prosecutor's acts of misconduct, consisting of improper remarks and a discovery violation, was so prejudicial that he was denied a fair trial and he was entitled to a mistrial. An appellant asserting a cumulative-error argument must show that there were objections to the alleged errors individually and that a cumulative-error objection was made to the trial court and a ruling obtained. *Welch v. State*, 330 Ark. 158, 955 S.W.2d 181 (1997). As Mr. Munson's abstract does not demonstrate that a cumulative-error objection or motion was made to the Trial Court, we do not consider the argument further.

## 2. Confidential communications

In the letters that Mr. Munson argues were erroneously admitted into evidence, Mr. Munson reminded his wife of their wedding vows, asked for her forgiveness, and stated that he had made a mistake but that it was not completely his fault. Mr. Munson moved to suppress the letters on the basis that they were privileged communications between husband and wife which were obtained without Mrs. Munson's consent. The Trial Court denied the motion to suppress on the basis of Ark. Code Ann. § 5-28-105 (now codified as § 5-28-104 (Repl. 1997)) which states, in relevant part:

> Any privilege between husband and wife . . . shall not constitute grounds for excluding evidence at any proceedings regarding adult abuse, sexual abuse, or neglect of an endangered or impaired adult, or the cause thereof.

The statute was thus apparently interpreted by the Trial Court as presenting an exception to the privilege in cases of abuse of a minor as well as abuse of an adult.

■ We need not decide whether the statute was properly interpreted because Ark. R. Evid. 504(d) states an exception to the marital privilege when ". . .one spouse is charged with a crime against the person or property of . . . (3) a person residing in the household of either." The evidence showed that the victim was visiting in the Munsons' home for one week. The question becomes whether she was "residing" there when the offense charged allegedly occurred.

■ ■ Courts construe their own rules using the same means as are used to construe statutes. *Gannett River Pub. v. Arkansas Dis. & Disab.*, 304 Ark. 244, 801 S.W.2d 292 (1990). The fundamental principle used in considering the meaning of a statute is to construe it just as it reads, giving the words their ordinary and usually accepted meaning. *Boston v. State*, 330 Ark. 99, 952 S.W.2d 671 (1997); *Rush v. State*, 324 Ark. 147, 919 S.W.2d 933 (1996).

> In statutory construction, it is settled that 'reside' is an elastic term to be interpreted in the light of the purpose of the statute in

which such term is used; "reside" is a term whose statutory meaning depends upon the context and purpose of the statute in which it occurs.

*In Re National Discount Corporation*, 196 F. Supp. 766, 769 (W.D.S.C. 1961).

*Black's Law Dictionary* 1308 (6th ed. 1990) defines "reside" as follows:

> Live, dwell, abide, sojourn, stay, remain, lodge. To settle oneself or a thing in a place, to be stationed, to remain or stay, to dwell permanently or continuously, to have a settled abode for a time, to have one's residence or domicile; . . .

"Sojourning" is defined as "something more than 'travelling,' and applies to a temporary, as contradistinguished from a permanent, residence." BLACK'S LAW DICTIONARY 1391 (6th ed. 1990). A "lodging place" is defined as "[a] place of rest for a night or a residence for a time; a temporary habitation." BLACK'S LAW DICTIONARY 941 (6th ed. 1990).

In the context of Rule 504, the term "residing" applies to the circumstances of the victim in this case. She arrived in the Munsons' home on July 31, 1995, and the incident occurred four days later. Her temporary "residence" with the Munsons presented the same opportunity to Mr. Munson he would have had if the victim had intended to remain in the household indefinitely.

We hold that the victim in this instance was "residing" in Mr. Munson's household at the time of the incident, and thus the exception to the privilege for confidential communications between husband and wife applies.

### 3. Evidentiary rulings and discovery violation

Prior to marrying the sister of the victim in this case, Mr. Munson was married to another woman who had a daughter who thus became Mr. Munson's stepdaughter. He argues that the Trial Court erred in denying his motion to suppress the testimony of the former stepdaughter who testified that she was sexually assaulted and physically abused by Mr. Munson.

At a pretrial hearing, the Trial Court, citing the pedophile exception, denied Mr. Munson's motion to suppress testimony related to the alleged prior sexual assault. At trial, Mr. Munson renewed his motion to suppress the testimony of the former stepchild, and the Trial Court reaffirmed its earlier ruling on the admissibility of the testimony.

The former stepchild, who was fourteen years old at the time of trial, testified that on March 7, 1993, when she was ten years old Mr. Munson sexually assaulted her by inserting his finger into her vagina. At the time that incident occurred, Mr. Munson was married to the child's mother. The child testified that she did not tell her mother about the incident until two days after it occurred because she did not want Mr. Munson to hurt her. She testified that she thought that he would hurt her because he had slapped her and her brothers on prior occasions. The deputy prosecutor asked: "He had slapped you on other occasions, is that what you mean? Other than the time in the bedroom . . . was there ever any other times that the defendant did anything to you?" She responded in the affirmative, and the deputy prosecutor asked her to tell the jury about the incident. At that point, Mr. Munson objected on the grounds that allegations of other instances should have been discovered to him if such incidents were to be the subject of examination. The State responded that the defense was made aware of the witness and could have interviewed her. The Trial Court overruled the objection. The child then testified that, on another occasion when she and Mr. Munson were alone in a boat, he sexually assaulted her by inserting his penis into her vagina. She further testified that she did not tell anyone about this incident until she told the deputy prosecutor two days before trial. At the bench, the deputy prosecutor told the Trial Court that the second incident was not initially disclosed to defense counsel in discovery but that defense counsel was informed of it once the prosecutor learned of it.

### a. Rule 404(b)

■ The admission or rejection of evidence under Ark. R. Evid. 404(b) is left to the sound discretion of the trial court and will not be disturbed absent a manifest abuse of discretion. *Jarrett v.*

*State*, 310 Ark. 358, 833 S.W.2d 779 (1992). Most recently, in *Douthitt v. State*, 326 Ark. 794, 800, 800, 935 S.W.2d 241, 244 (1996), we restated the rule as applied in cases of alleged sexual abuse of a child as follows: "This court has often said that when the charge concerns the sexual abuse of a child, evidence of other crimes, wrongs, or acts, such as sexual abuse of that child or other children, is admissible to show motive, intent, or plan pursuant to A.R.E. Rule 404(b)."

■ Mr. Munson raises several arguments to support his contention that the testimony of the former stepchild should not have been admitted. First, he argues that the testimony should not have been admitted because the allegations were never subject to any type of investigation; however, we do not consider this argument because Mr. Munson does not cite any authority to support it, *see Polk v. State*, 329 Ark. 174, 947 S.W.2d 758 (1997), and we do not consider it to be convincing.

Second, Mr. Munson argues that the testimony should not have been admitted because the allegations were of acts too remote in time and place and because there was no connection between the former stepchild and the alleged victim in this case. He cites *Larimore v. State*, 317 Ark. 111, 124, 877 S.W.2d 570 (1994), where we considered whether the Trial Court erred in refusing to admit testimony that a particular young man, who was seen on the morning of the murder, had been caught entering the victim's home and taking her property and had attempted to break into her home on another occasion. Those incidents occurred several months before the murder. We wrote that "[s]imilarity and time connections are factors in determining the probativeness of the evidence, which must be weighed against the possibility of confusing the issues and wasting time. Some courts have said that there should be a sufficient nexus between the evidence and the possibility of another person's guilt and that this evidence should do more than create a mere suspicion." *Id.* at 124. Although the charge in the case was murder, there was no evidence of theft or burglary, and there was no evidence that the young man had acted violently toward the victim. *Id.* at 125. We upheld the exclusion of the evidence.

■ This case can be distinguished from the *Larimore* case because the testimony is about earlier incidents similar to the crime alleged here. The later violation of the former stepchild occurred on March 7, 1993, when she was ten years old and Mr. Munson placed his finger inside her vagina. The crime against the victim in this case allegedly occurred on August 4, 1995, when she was fourteen, and Mr. Munson inserted his finger and tongue in her vagina. Additionally, both of the incidents occurred when the victims were in Mr. Munson's home or in his care. Mr. Munson cites no authority for his proposition that the testimony should not have been admitted because the allegations were too remote and there was a lack of a "connection" between the accusers.

In *Clay v. State*, 318 Ark. 550, 886 S.W.2d 608 (1994), we held it was error to deny a motion to sever five alleged sex offenses against minor girls. As one of the factors cited for reversal, we noted that the alleged offenses occurred at different locations. We did not hold that evidence of one or more of the alleged offenses could not be used in the prosecution of one or more of the other offenses. We do not agree that that decision is controlling of the issue here having to do with admissibility of evidence.

■ Third, Mr. Munson, citing Ark. R. Evid. 403, argues that the testimony should have been excluded because its probative value is substantially outweighed by the danger of unfair prejudice. Before testimony of another crime is admitted under Ark. R. Evid. 404(b), the probative value of the evidence must be weighed against the danger of unfair prejudice. *George v. State*, 306 Ark. 360, 813 S.W.2d 792 (1991) (citing Ark. R. Evid. 403). The standard of review of a trial court's weighing of probative value against unfair prejudice is whether the trial court abused its discretion. *Greene v. State*, 317 Ark. 350, 878 S.W.2d 350(1994).

■ The Trial Court did not err in concluding that the probative value of the evidence outweighed the danger of unfair prejudice because the evidence involves a similar crime against a young girl who was of an age similar to that of the victim in this case. Both girls were in Mr. Munson's care at the time that the incidents occurred.

Fourth, Mr. Munson argues that the pedophile exception is not satisfied in this case because the two children did not live in the same household. The rule has been specifically stated as follows: "[W]e [have] approved allowing evidence of similar acts with the same or other children in the same household when it is helpful in showing a proclivity for a specific act with a person or class of persons with whom the defendant has an intimate relationship." *Mosley v. State*, 325 Ark. 469, 473, 929 S.W.2d 693, 696 (1996). In *Davis v. State*, 325 Ark. 96, 925 S.W.2d 768 (1996), we recognized that the pedophile exception only requires that the victims have lived in the same household as the defendant. The exception does not require that the victims live together in the same household.

In his fifth argument, Mr. Munson contends that the testimony should not have been admitted because it does not establish that he had a proclivity to commit a specific act with a person or persons with whom he had an intimate relationship. In a related argument, he contends that the testimony should not have been admitted because it did not provide insight into the relationship and familiarity of the parties or their disposition and antecedent conduct towards each other. No authority is cited for these two contentions, and they are unconvincing because the testimony of the former stepchild showed that Mr. Munson has a proclivity toward sexually assaulting young girls in his care or household.

### b. Discovery violation

Mr. Munson also argues that the Trial Court erred in admitting the former stepchild's testimony about the occasion upon which Mr. Munson inserted his penis into her vagina because he was not informed of the testimony prior to trial. The State has no obligation to discover to defense counsel the substance of the anticipated testimony by State's witnesses. *Sanders v. State*, 317 Ark. 328, 878 S.W.2d 391 (1994).

### c. Physical abuse

Mr. Munson argues that the former stepchild's testimony that Mr. Munson slapped or hit her should not have been admitted because it did not satisfy the pedophile exception and because the probative value of the testimony was outweighed by unfair prejudice. Rule 403. He also argues that the testimony does not show proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident. Rule 404(b). We do not consider this argument as there was no objection to the testimony at trial. Instead, defense counsel objected when the State asked whether there was an incident "other than in the bedroom" in which Mr. Munson "did anything" to her." The basis of the objection was that the State had not informed the defense about any such incident. Parties may not change their grounds for objection on appeal, and they are bound by the scope and nature of the objections and arguments presented at trial. *Evans v. State*, 326 Ark. 279, 931 S.W.2d 136 (1996).

Affirmed.