David Wayne SWIFT, Sr. *v.* STATE of Arkansas

CR 04-1312                                               215 S.W.3d 619

Supreme Court of Arkansas
Opinion delivered October 13, 2005

*William R. Simpson, Jr.*, Public Defender, by: *Clint Miller*, Deputy Public Defender, for appellant.

*Mike Beebe*, Att'y Gen., by: *David R. Raupp*, Sr. Ass't Att'y Gen., for appellee.

ANNABELLE CLINTON IMBER, Justice. Appellant David Swift, Sr. was convicted by a jury of the rape of his son, D.S., a minor. He challenges the introduction of testimony from his adopted daughter, L.S., about an alleged instance of abuse that she suffered at the hands of the appellant, as well as an audiotape of an in-custody statement by the appellant in which he admitted touching the vagina of his niece, K.N., on three separate occasions. We find no merit to the points raised and affirm the conviction.

The facts underlying the rape conviction are as follows. The appellant is the father of the alleged victim, D.S. When D.S. was seven or eight years old, he began to visit regularly with his father at his father's apartment. On one of these visits, the appellant called him into the bedroom and told him to get on the bed. The appellant then removed his pants and placed his penis in D.S.'s mouth. Afterward, the appellant told D.S. not to tell anyone about the incident or he would hurt him. Eventually, however, D.S. told his grandmother about the incident, and the appellant was arrested and charged with rape. Prior to the trial, the appellant learned that the State intended to introduce certain evidence of prior sexual conduct with children, including testimony by the appellant's adopted daughter, L.S., and an audiotape of an in-custody statement by the appellant regarding inappropriate sexual contact with his niece, K.N. The appellant sought to exclude the testimony under Arkansas Rules of Evidence 403 and 404(b). Specifically, the appellant argued that the testimony was more prejudicial than probative, and was not evidence of the same act with a similar type of victim. The circuit court denied the motions to exclude and admitted the evidence. The appellant was convicted and sentenced to life imprisonment as a habitual offender. He now appeals the judgment of conviction. Our jurisdiction is proper pursuant to Ark. Sup. Ct. R. 1-2(a)(2) (2005).

For his sole point on appeal, the appellant argues that the circuit court erred in admitting the testimony of his adopted daughter, L.S., and the audiotape of his confession to inappropriate sexual contact with his niece, K.N., because the evidence was inadmissible pursuant to Rule 404(b) of the Arkansas Rules of Evidence. Arkansas Rule of Evidence 404(b) states:

> Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.

Ark. R. Evid. 404(b) (2005). The admission or rejection of evidence under Rule 404(b) is left to the sound discretion of the trial court and will not be disturbed absent a manifest abuse of discretion. *Spencer v. State*, 348 Ark. 230, 72 S.W.3d 461 (2002); *Hernandez v. State*, 331 Ark. 301, 962 S.W.2d 756 (1998).

This court has recognized a "pedophile exception" to Rule 404(b), where the court has approved allowing evidence of similar acts with the same or other children when it is helpful in showing a proclivity for a specific act with a person or class of persons with whom the defendant has an intimate relationship. *Spencer v. State, supra; Berger v. State*, 343 Ark. 413, 36 S.W.3d 286 (2001); *Mosely v. State*, 325 Ark. 469, 929 S.W.2d 693 (1996). The rationale for recognizing this exception is that such evidence helps to prove the depraved sexual instinct of the accused. *Spencer v. State, supra*. In addition, evidence of other sexual acts is admissible when it tends to show a proclivity towards a specific act with a person or class of persons with whom the accused has an intimate relationship. *Id.*; *Thompson v. State*, 322 Ark. 586, 910 S.W.2d 694 (1995). In other words, when the charge concerns the sexual abuse of a child, evidence of other crimes, wrongs, or acts, such as sexual abuse of that child or other children, is admissible to show motive, intent, or plan pursuant to Ark. R. Evid. 404(b). *Spencer v. State, supra; Munson v. State*, 331 Ark. 41, 959 S.W.2d 391 (1998).

The appellant argues that the testimony of L.S. and the audiotape of his statements concerning K.N. should have been excluded because there were not enough similarities between the evidence and the allegations of the victim. Specifically, the appellant suggests that the acts testified to by L.S. and recounted on the

audiotape do not show a proclivity to engage in deviate sexual activity with boys. At trial, L.S. testified that, when she was nine years old, she would visit the appellant on weekends. She stated that on about five occasions, he felt her breasts and touched her vagina. She further testified that she would touch his penis and masturbate him until he ejaculated. After these encounters, the appellant would tell her not to tell anybody. In addition to the testimony offered by L.S., the State also introduced an audiotape of statements by the appellant, wherein the appellant admitted to three instances of inappropriate sexual contact with his niece, K.N. She was seven or eight years old at the time of the abuse. On the tape, the appellant stated that he touched K.N.'s vagina with his hand and that K.N. touched his penis and masturbated him to ejaculation. After the third incident, the appellant told K.N. not to tell anyone about the events. In the instant case, D.S. testified that he went to see the appellant, his father, on the weekends when he was seven and eight, and that on one occasion, the appellant "stuck his private in my mouth." D.S. testified that while the appellant's penis was in his mouth, the appellant "peed." He said that the appellant then told him not to tell anyone what had happened or he would hurt him.

The essence of the appellant's argument is that the 404(b) evidence of prior sexual acts with girls does not show a proclivity for deviate sexual acts with a boy. We have not previously addressed this issue. In support of his argument, the appellant cites to several cases where the victim of the prior sexual conduct was the same sex as the current victim. However, the appellant *fails* to recognize our cases where the victim of the prior sexual conduct was a different gender than the current victim. *See Spencer v. State, supra; Greenlee v. State,* 318 Ark. 191, 884 S.W.2d 947 (1994); *see also Baldridge v. State,* 32 Ark. App. 160, 798 S.W.2d 127 (1990). In *Spencer,* the appellant was convicted of the rape of his five-year-old stepson. On appeal, he challenged the testimony of his two daughters and female first cousin who all testified to inappropriate sexual contact with Spencer when they were between the ages of three and five. This court ruled that the testimony was admissible to show Spencer's "proclivity toward incestuous sexual contact with children." *Spencer v. State,* 348 Ark. at 236, 72 S.W.3d at 464.

Here, too, the evidence of abuse of the appellant's adopted daughter and niece, both close familial relationships, shows a proclivity for that kind of sexual contact that would be relevant to the alleged rape of D.S., his son. Furthermore, though

the specific acts complained of are not identical, we have previously held that allegations of vaginal touching are admissible in cases of vaginal or oral penetration to show the defendant's attraction to the characteristics of young children. *See, e.g., Flanery v. State,* 362 Ark. 311, 208 S.W.3d 187 (2005); *Hernandez v. State, supra.* Additionally, D.S. and the two girls were similar in age when the abuse happened, and in each instance, the appellant instructed the child not to tell anyone about the abuse. Based on these similarities, we hold that the circuit court did not abuse its discretion in admitting the evidence.

Pursuant to Ark. Sup. Ct. R. 4-3(h), we have reviewed the record and have determined that there are no errors with respect to rulings on objections or motions prejudicial to the defendant not discussed above. *Spencer v. State,* 348 Ark. at 238, 72 S.W.3d at 466.

Affirmed.

HANNAH, C.J., concurs.

JIM HANNAH, Chief Justice, concurring. While I agree with the outcome in this case, I write separately to emphasize why Ark. R. Evid. 404(b) allows admission of the evidence in this case on the issue of motive. I first note that the majority states that "the appellant fails to recognize our cases where the victim of the prior sexual conduct was a child of a different gender than the current victim," citing *Spencer v. State,* 348 Ark. 230, 72 S.W.3d 461 (2002); *Greenlee v. State,* 318 Ark. 191, 884 S.W.2d 947 (1994). The majority also cites *Baldridge v. State,* 32 Ark. App. 160, 798 S.W.2d 127 (1990). In *Spencer,* the issue was whether the prior conduct was too remote in time. While the facts showed that the victims were of different genders, the question of whether the distinction in gender altered the analysis under Ark. Rule Evid. 404(b) was not raised or discussed. Similarly in *Greenlee,* the facts showed that the victims were of different genders, but again the issue of gender was not raised or analyzed. This court has not directly addressed the question of admissibility under rule 404(b) where the victims are of different genders. The court of appeals in *Baldridge* held that the trial court did not err in admitting evidence of prior similar sexual misconduct with girls of about the same age as appellant's nephew, who was the victim in *Baldridge,* because it showed the appellant's proclivity, for engaging in similar sexual misconduct with "pre-adolescent children who were related to the appellant." *Baldridge,* 32 Ark. App. at 162-A.

The evidence in this case was that Swift assaulted three children related to him, that the children were between seven and nine years old, that the assaults occurred at a residence, and that he used his position as an older relative to obtain the opportunity to sexually assault the children. This evidence was admissible under Ark. R. Evid. 404(b).

This court first characterized the admission of evidence of prior sexual offenses against other children under rule 404(b) as the "pedophile exception" in *Greenlee, supra*. However, this court has long held in cases involving sexual crimes that other sexual offenses may be admissible to show motive or intent. *See, e.g., Cope v. State*, 292 Ark. 391, 730 S.W.2d 242 (1987); *Ward v. State*, 236 Ark. 878, 370 S.W.2d 425 (1963); *Hummel v. State*, 210 Ark. 471, 196 S.W.2d 594 (1946).

In *Pickens v. State*, 347 Ark. 904, 69 S.W.3d 10 (2002), we cited *Berger v. State*, 343 Ark. 413, 36 S.W.3d 286 (2001), in stating that under rule 404(b), evidence of other sexual offenses is allowed where the other sexual offenses involve a similar act of sexual abuse of children, and where such evidence shows a proclivity toward a specific act with a person or class of persons with whom the accused has had an intimate relationship. The evidence in the present case showed that Swift had a proclivity for engaging in sexual assaults of young children between seven and nine years of age over whom he had control, or in other words, with whom he had an "intimate relationship." He used this relationship to gain the advantage and carry out the assaults. This evidence meets the requirements for admission. It was evidence of the specific act of sexually assaulting young children, which is a class of persons with whom he had an intimate relationship. Therefore, the evidence was properly admitted.