Terrence McCLUNG *v.* STATE of Arkansas

CA CR 95-444                                          920 S.W.2d 867

Court of Appeals of Arkansas
Division II
Opinion delivered May 8, 1996

*Vowell & Atchley, P.A.*, by: *Stevan E. Vowell*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Vada Berger*, Asst. Att'y Gen., for appellee.

JOHN MAUZY PITTMAN, Judge. Terrence McClung appeals from his conviction of driving while intoxicated, for which he was sentenced to one day in jail, was fined $400.00, and had his driver's license suspended for ninety days. He contends that the trial court erred in denying his motion to dismiss for violation of the speedy trial rules. We agree and reverse and dismiss.

On May 31, 1991, a judgment was filed in the Eureka Springs Municipal Court sentencing appellant for his convictions of driving while intoxicated and driving left of center. On May 31, 1991, appellant timely appealed those convictions by filing the municipal court record in the Carroll County Circuit Court. On June 30, 1992, appellant and his attorney appeared in circuit court and moved to dismiss the charges on grounds that he had not been provided with a speedy trial *de novo*. The court denied appellant's motion because none of the documents perfecting appellant's appeal reflected that they had been served on the prosecutor, who in this

case was the Eureka Springs City Attorney. On April 22, 1993, the court entered a written order denying appellant's motion and tolling the speedy-trial period until appellant properly notified the prosecutor. The order reflects that the city attorney had been present in court on June 30, 1992, when appellant's motion was presented and denied.

Appellant's trial in circuit court was finally held on December 30, 1994. Before trial, appellant again moved to dismiss the charges on speedy-trial grounds. Again, the motion was denied. After the trial, appellant was convicted of driving while intoxicated.

On appeal, appellant contends that the trial court erred in denying his motion to dismiss the charges. The State concedes error on this point. We agree and reverse and dismiss.

Rule 28.1(c) of the Arkansas Rules of Criminal Procedure provides that, subject to any excludable periods under Rule 28.3, a criminal defendant charged in circuit court and held to bail, or otherwise lawfully set at liberty, shall be entitled to have the charge dismissed with an absolute bar to prosecution if not brought to trial within twelve months from the time provided in Rule 28.2. Our courts have held that the time period within which a defendant must be brought to trial upon appeal of a misdemeanor conviction to circuit court begins to run under Rule 28.2 on the day that the appeal is perfected. *McBride* v. *State*, 297 Ark. 410, 762 S.W.2d 785 (1989); *Shaw* v. *State*, 18 Ark. App. 243, 712 S.W.2d 338 (1986). The primary burden is on the court and prosecutor to assure that a case is brought to trial in a timely fashion. *Glover* v. *State*, 307 Ark. 1, 817 S.W.2d 409 (1991); *see Reed* v. *State*, 35 Ark. App. 161, 814 S.W.2d 560 (1991). A defendant has no duty to bring himself to trial, *Glover* v. *State, supra,* and the time for trial commences running without demand by the defendant, Ark. R. Crim. P. 28.2; *Raglin* v. *State*, 35 Ark. App. 181, 816 S.W.2d 618 (1991). Once it has been shown that a trial is to be held after the speedy-trial period has expired, the State has the burden of showing that any delay was the result of the defendant's conduct or that it was otherwise legally justified. *Raglin* v. *State, supra; Reed* v. *State, supra.*

Here, appellant perfected his appeal to circuit court on May 31, 1991, but his trial was not held until some three years and seven months later, on December 30, 1994. Therefore, the burden was on the State to show that at least two years and seven months of

the delay was excludable. The State failed to meet that burden. We need not decide in this case whether appellant was required to notify the city attorney of his appeal in order to start the running of the speedy-trial period. This is true because, even if we were to assume that appellant did have some such burden, the city attorney was clearly aware of the appeal no later than June 30, 1992, yet appellant's trial still was not held until two years and six months later. Of that thirty-month period, the record indicates only that the period from June 30 to August 7, 1992, was excludable and attributable to appellant. There appears in the record no reason why appellant's trial could not have been held within twelve months of August 7, 1992. Therefore, we hold that the trial court erred in denying appellant's December 1994 motion to dismiss.

Reversed and dismissed.

GRIFFEN and MAYFIELD, JJ., agree.