James GWIN *v.* STATE of Arkansas

CR 99-1027                                    9 S.W.3d 501

Supreme Court of Arkansas
Opinion delivered February 3, 2000

*Darrel Blount,* for appellant.

*Mark Pryor,* Att'y Gen., by: *Sandy Moll,* Ass't Att'y Gen., for appellee.

LAVENSKI R. SMITH, Justice. Petitioner James Gwin, seeks a writ of prohibition to end criminal proceedings filed against him in Montgomery County Circuit Court. Montgomery County Sheriff's deputies arrested Gwin on April 3, 1998. The State charged Gwin by information with two counts of delivery of a controlled substance, one count of possession with intent to deliver, one count of possession, and one count of possession of paraphernalia. Gwin contends that all charges against him must be dismissed because the State failed to bring him to trial within one year of his arrest pursuant to Ark. R. Crim. P. 28.2(c). We disagree and deny his Petition.

*Facts*

Following Gwin's arrest, the criminal docket sheet reflects some activity in the file up to October 2, 1998, and then none until May 1999. On April 10, 1998, Gwin waived arraignment, pleaded not guilty, and the court set the matter for pretrial on July 10, 1998. On April 16, 1998, Gwin filed a motion for discovery. The State responded to the discovery motion on June 1, 1998. On June 16, 1998, Gwin filed a motion to suppress. The State filed a First Supplemental Response to the discovery motion on July 1, 1998. On July 10, 1998, the trial judge postponed the pretrial hearing

until September 4, 1998. On September 4, 1998, the court again postponed the pretrial hearing moving it to October 2, 1998. The next docket entry records Gwin's motion to dismiss.

The transcript from the proceedings on these dates offers some aid in gathering the facts. On July 10, 1998, the court called Gwin's pretrial hearing to order. The prosecutor, Tim Williamson, in the presence of Gwin and his counsel, Darrell Blount, stated to the court that he anticipated additional motions from the defendant and that a minimum of three hours would be needed to address lab results, the search warrant, and other issues. Mr. Blount acknowledged that more motions would likely be forthcoming. Circuit Judge Gayle Ford directed counsel to get a date from his case coordinator. On September 4, 1998, the court again took up the pretrial hearing whereupon the prosecutor announced, "There's a joint motion to continue this matter for pretrial. Mr. Blount and I still have some unresolved issues prior to pretrial in this case and we anticipate the pretrial hearing to be approximately four to five hours." On the prosecutor's suggestion, Judge Ford reset the hearing on the motions for October 2, 1998. However, at the October 2, 1998, hearing, the following conversation occurred:

> BY THE COURT: Mr. Blount, do you have this matter of Webb and Gwin and that matter needs to be set, is that right?
>
> BY MR. BLOUNT: Yes, Your Honor. There's going to be a fairly lengthy pretrial.
>
> BY THE COURT: I may have to give you a special setting, I don't know, we'll see.

Neither the docket sheet nor the record reflect any other activity until May 19, 1999, when Gwin moved to dismiss for violation of Ark. R. Crim. P. 28.3(c). Judge Ford heard arguments of counsel on the dismissal motion on July 30, 1999. Gwin argued that even excluding the delays from July 10, 1998, to October 2, 1998, twelve months elapsed before he was brought to trial. Gwin also argued that the trial judge's docket contained no notation excluding time for speedy-trial purposes. In response, the State argued that Ark. R. Crim. P. 28.3 excluded the period of time beginning with Gwin's suppression motion until thirty days after the trial court takes that motion under advisement. Judge Ford denied the dismissal motion. Judge Ford made no specific findings

of excluded periods. Consistent with our rules and precedent, Gwin petitioned this court for a writ of prohibition. *Richards v. State*, 338 Ark. 801, 2 S.W.3d 766 (1999).

*Speedy Trial*

■ ■ Under Ark. R. Crim. P. 28.1 an accused must be brought to trial within twelve months unless necessary delay occurs as authorized in Ark. R. Crim. P. 28.3. Once the defendant presents a prima facie case of a speedy-trial violation, *i.e.*, that the trial is or will be held outside the applicable speedy-trial period, the State has the burden of showing that the delay was the result of the defendant's conduct or was otherwise justified. *Eubanks v. Humphrey*, 334 Ark. 21, 972 S.W.2d 234 (1998); *Strickland v. State*, 331 Ark. 402, 962 S.W.2d 769 (1998); *Dean v. State*, 339 Ark. 105, 3 S.W.3d 328 (1999). In Arkansas, the speedy-trial period commences to run "without demand by the defendant." Ark. R. Crim. P. 28.2. Additionally, the defendant can assert the speedy-trial right unless he fails to move for dismissal prior to a plea of guilty or a trial. Ark. R. Crim. P. 28.1(f). *Tanner v. State*, 324 Ark. 37, 42, 918 S.W.2d 166 (1996). In the instant case, Gwin unquestionably established a prima facie case in that 483 days had elapsed since his arrest by the time the court heard his motion to dismiss for speedy-trial violation. The only issue in this case is a determination of the appropriate exclusion periods, if any, within that span.

■ ■ Permissible periods of exclusion are outlined in Ark. R. Crim.P. 28.3. The State points out that Rule 28.3(a) specifically excludes time for "hearings on pretrial motions." The State then contends that the period of time excluded by "hearings on pretrial motions" extends from the filing of the motion until the motion is heard by the court and no more than thirty days after the court takes the motion under advisement. Rule 28.3(a) provides:

> (a) The period of delay resulting from other proceedings concerning the defendant, including but not limited to an examination and hearing on the competency of the defendant and the period during which he is incompetent to stand trial, *hearings on pretrial motions*, interlocutory appeals by the defendant or the state, and trials of other charges against the defendant. No pretrial motion shall be held under advisement for more than thirty (30) days, and the period of time in excess of thirty (30) days during

which any such motion is held under advisement shall not be considered an excluded period. [Emphasis added.]

We have not previously addressed the specific meaning of the phrase "hearings on pretrial motions." We agree with the State's interpretation that the excluded period contemplated by the rule begins at the time the pretrial motion is made and includes those periods of delay attributable to the defendant until the motion is heard by the court and not more than thirty days thereafter. This construction is consistent with our cases on defendant competency hearings also found in Rule 28.3. *Brawley v. State*, 306 Ark. 609, 816 S.W.2d 598 (1991). We note this is also consistent with the federal speedy-trial rule.[1] Applying this interpretation to the instant case, we conclude that Gwin's motion to suppress began an excluded period that included the continuances that the record reflects to have been jointly requested. When the trial court granted the final continuance found in the record on October 2, 1998, it too appeared to be a joint request. A joint continuance is presumably desired by both parties, which would include the defendant. Gwin obtained the desired benefit of more preparation time and cannot now be heard to complain that it was too much. Certainly, this case would have been aided immensely by contemporaneous docket notes by the trial court and more explicit statements by counsel. However, the record as we find it does not show the trial court erred in denying Gwin's motion to dismiss for speedy-trial violation. It is certainly true that the defendant is not required to bring himself to trial or to

---

[1] The federal rule on excluded periods found at 18 U.S.C.S. § 3161(h) contains the following:

(1) Any period of delay resulting from other proceedings concerning the defendant, including but not limited to—

(A) delay resulting from any proceeding, including any examinations to determine the mental competency or physical capacity of the defendant;

(B) delay resulting from any proceeding, including any examination of the defendant, pursuant to section 2902 of title 28, United Sates Code;

(C) delay resulting from deferral of prosecution pursuant to section 2902 of title 28, United Sates Code;

(D) delay resulting from trial with respect to other charges against the defendant;

(E) delay resulting from any interlocutory appeal;

(F) *delay resulting from any pretrial motion, from the filing of the motion through the conclusions of the hearing on, or other prompt disposition of, such motion*; [Emphasis added.]

bang at the courthouse door. However, once a pretrial motion is made on his behalf and continuances granted at his request, he must do more than mark his calendar for some time beyond one year of his arrest.

Writ of prohibition denied.