Rudolph ZANGERL, III *v.* STATE of Arkansas

CR 02-1296 100 S.W.3d 695

Supreme Court of Arkansas
Opinion delivered March 13, 2003

*Alvin Schay*, for appellant.

*Mark Pryor*, Att'y Gen., by: *Lauren Elizabeth Heil*, Ass't Att'y Gen., for appellee.

R OBERT L. BROWN, Justice. Appellant Rudolph Zangerl, III, appeals his judgment of conviction for third-offense DWI and asserts a violation of his right to a speedy trial. We agree that his speedy-trial rights were violated, and we reverse his judgment of conviction and dismiss the case.

On August 25, 1999, Zangerl was arrested for driving while intoxicated in the city of Humphrey. He was issued a ticket by the arresting police officer and advised of his court-appearance date of September 14, 1999, in Humphrey city court for taking a plea. That plea date was subsequently continued in order to give Zangerl an opportunity to consult with an attorney. On November 9, 1999, Zangerl entered a plea of not guilty in city court, and his trial was set for December 14, 1999. On December 14, 1999, the case was transferred to the Arkansas County Circuit Court on the belief that this was Zangerl's fourth DWI offense and, as such, a felony.

On January 18, 2000, an information was filed in circuit court charging Zangerl with fourth-offense DWI. Zangerl's pretrial hearing was set for June 12, 2000, and his jury trial was set for July 6, 2000. On June 9, 2000, Zangerl moved for a continuance of his pretrial hearing, because his counsel was in the process of preparing pretrial motions. On June 13, 2000, the circuit court reset his pretrial hearing for June 26, 2000. On June 21, 2000, Zangerl filed two pretrial motions. The first motion was to exclude his prior DWI convictions based upon a violation of the *ex post facto* clause, while the second motion was to exclude the prior convictions due to the statute of limitations.

On June 26, 2000, the court held Zangerl's pretrial hearing. At the hearing, defense counsel informed the court that Zangerl's pretrial motions "[were] of a variety that can be dealt with by the Court, based on the motions and perhaps, briefs[,]" but that Zangerl "would not need an evidentiary hearing on those." The court then "ma[d]e the briefs due" on July 11, 2000, and reset the trial for August 10, 2000. The jury trial did not take place on

July 6, 2000, and no explanation for this is contained in the record.

On August 16, 2000, which was six days after the scheduled trial date, the court reset the trial date for October 12, 2000, and stated the reason as "docket congestion, older case tried[.]" On October 19, 2000, which was seven days after the scheduled trial date, the court reset the case for January 4, 2001, and stated the reason as "Defendant's request, waiting on a brief from Mr. Molock[.]" On January 11, 2001, which was seven days after the scheduled trial date, the court again reset the trial for February 13, 2001, at the State's request. On January 23, 2001, the circuit court entered its order denying Zangerl's two motions to exclude prior DWI convictions. On January 30, 2001, Zangerl waived his right to a jury trial. On March 1, 2001, the court reset the case for a nonjury trial to be held on April 16, 2001.

On April 9, 2001, Zangerl filed his motion to dismiss based on an alleged violation of his right to a speedy trial. In his brief-in-support of the motion, Zangerl conceded that 181 days should be charged to him in the speedy-trial calculations. On April 16, 2001, the motion was heard before Zangerl's bench trial. At the hearing, Zangerl argued that his right to a speedy trial had been violated in that he was tried on the 566th day following his arrest on August 25, 1999. He then conceded that the following time periods should be charged to him: September 16, 1999, to November 9, 1999, for continuances at his request; June 21, 2000, to July 26, 2000, for the time in which his motion to exclude prior convictions was filed and heard; July 6, 2000, to August 8, 2000, for a continuance at his request; and February 13, 2001, to April 16, 2001, for his request to have a non-jury trial rather than a jury trial. The total days conceded by Zangerl was 164.

The State responded that even using the arrest date of August 25, 1999, as a starting point, the State was still within its time because only 275 days were attributable to either the circuit court's or State's requests or actions. Zangerl then made four arguments in reply: (1) that in response to the State's statement that the October 12, 2000 trial resetting was at the defendant's request due to his inability to get to Arkansas County because he

was in school in Jonesboro, there had been no time in which he was unable to attend because of school; (2) his request to change a pretrial-hearing date did not affect the trial date; (3) a continuance for docket congestion requires exceptional circumstances to be set out in the docket sheet or by court order under the criminal rules; and (4) his motions to exclude prior convictions of June 21, 2000, did not contain requests for a continuance; thus, the continuance on October 19, 2000, stating "Defendant's request, waiting on a brief from Mr. Molock" was in error. Zangerl claimed that the State was still 46 days over the 365-day limit. The State countered that even assuming this, the delay had been only 336 days. The court denied Zangerl's motion and, after the ensuing trial, found him guilty of DWI.

On May 29, 2001, the court held a sentencing hearing. At the sentencing hearing, the State conceded that this was Zangerl's third DWI offense, not his fourth. Thus, the crime was a misdemeanor, not a felony. The court then sentenced Zangerl to sixty days in jail and ninety days of community service, and ordered him to pay a fine of $3,500 plus $300 in costs. The court further ordered that his driver's license be revoked. On June 8, 2001, the court entered an order memorializing the judgment of conviction and sentence.

Zangerl appealed his conviction and sentence to the court of appeals, and the court of appeals reversed the conviction in an unpublished opinion and dismissed. *See Zangerl v. State*, No. CACR01-1437 (Nov. 13, 2002). This court subsequently granted the State's petition for review. When we hear an appeal pursuant to a grant of a petition for review, we review the matter as if it were originally filed in this court. *See Ilo v. State*, 350 Ark. 138, 85 S.W.3d 542 (2002); *Proctor v. State*, 349 Ark. 648, 79 S.W.3d 370 (2002).

Zangerl's sole point on appeal is that the circuit judge erred in denying his motion to dismiss on speedy-trial grounds. The apposite law governing speedy trials has been often stated by this court. Arkansas Rule of Criminal Procedure 28 governs speedy-trial determinations. It requires the State to try a defendant within twelve months, excluding any periods of delay

authorized by Ark. R. Crim. P. 28.3. *See* Ark. R. Crim. P. 28.1 (2002); *Miles v. State*, 348 Ark. 544, 75 S.W.2d 677 (2002). The time for trial begins to run from the date the charge is filed; however, if prior to that time, the defendant has been continuously held in custody, on bail, or lawfully at liberty, the time shall begin to run from the date of arrest. *See* Ark. R. Crim. P. 28.2(a); *Ferguson v. State*, 343 Ark. 159, 33 S.W.3d 115 (2000). Once a defendant demonstrates a *prima facie* case of a speedy-trial violation, the burden is on the State to show that the delay was the result of the defendant's conduct or was otherwise justified. *See* *Turner v. State*, 349 Ark. 715, 80 S.W.3d 382 (2002); *Burmingham v. State*, 346 Ark. 78, 57 S.W.3d 118 (2001). If a defendant is not brought to trial within the requisite time, Ark. R. Crim. P. 30.1 provides the defendant will be discharged, and such discharge is an absolute bar to prosecution of the same offense and any other offense required to be joined with that discharged offense. *See* *Moody v. Arkansas County Circuit Court*, 350 Ark. 176, 85 S.W.3d 534 (2002).

Zangerl was arrested on August 25, 1999 for driving while intoxicated. His trial commenced on April 16, 2001, which was the 600th day following his arrest.[1] Because Zangerl has made a *prima facie* showing of a speedy-trial violation, the State must show that 235 days of delay were caused by the defendant or otherwise legally justified. *See Ibsen v. Plegge*, 341 Ark. 225, 15 S.W.3d 686 (2000).

Zangerl initially conceded before the circuit court that 181 days were excludable due to his delay. On appeal, however, he concedes 188 days are attributable to him. However, as the State points out, the correct dates and calculation of days of the times conceded by Zangerl are as follows:

---

[1] Both the appellant and the State contend that 599 days elapsed between Zangerl's arrest and his bench trial. However, our calculations reveal that April 16, 2001, the date of Zangerl's bench trial, was the 600th day counting from the day after his arrest on August 25, 1999. *See* Ark. R. Crim. P. 1.4. The discrepancy may be due to the fact that 2000 was a leap year.

(1) September 14, 1999 to November 9, 1999, due to Zangerl's request for a continuance to consult an attorney, for a total of 56 days;

(2) June 21, 2000 to July 26, 2000, for the period in which appellant's pretrial motion was under advisement;

(3) July 6, 2000 to August 10, 2000, due to Zangerl's request for a continuance, for a total of 50 days (due to overlap of prior period); and

(4) February 13, 2001 to April 16, 2001, due to Zangerl's request for a non-jury trial, for a total of 62 days.

Using these corrected dates and calculations, it appears Zangerl concedes that a total of 168 days are chargeable to him rather than 164, 181, or 188 days. The State, however, argues that 70 more days should be charged to Zangerl. It contends that the entire period from August 10, 2000, until at least October 19, 2000, on which the docket sheet reflects the case was reset while "waiting on brief [from] Mr. Molock[,]" should be excluded. We disagree.

On June 21, 2000, Zangerl did indeed file his motions to exclude his prior convictions. The court addressed the status of the motions in its pretrial hearing held on June 26, 2000. At that time, the following colloquy took place between counsel and the court:

DEFENSE COUNSEL: . . . And I think [the motions] are of a variety that can be dealt with by the Court, based on the motions and perhaps briefs, but that we would not need an evidentiary hearing on those. . . .

. . . .

THE COURT: Well, let's see, it will obviously be — we are not going to be ready for trial on the sixth?

DEFENSE COUNSEL: I doubt it, as far as getting the motions resolved by that time.

THE COURT: Why don't we make the briefs due, like, the eleventh, and re-set the trial —

CASE COORDINATOR: August 10.

It appears clear to this court that the court requested briefs to be filed by July 11, 2000.

Arkansas Rule of Criminal Procedure 28.3(a) provides in pertinent part that "[n]o pretrial motion shall be held under advisement for more than thirty (30) days, and the period of time in excess of thirty (30) days during which any such motion is held under advisement shall not be considered an excluded period." Ark. R. Crim. P. 28.3(a) (2002). The State contends, however, that under the facts of this case, the motions filed by Zangerl were not "under advisement" until the briefs were filed, which, as of October 19, 2000, they had not been. Again, we disagree. In *Ferguson v. State, supra,* this court addressed a similar scenario and held as follows:

> For example, on July 15, 1996, Appellant filed a motion to suppress the custodial statements made by Appellant to his fellow inmates. On August 5, 1996, a continuance was granted upon agreement of the parties to obtain additional information from the lead police investigator that was pertinent to his pretrial motions. The suppression hearing was held on November 4, 1996. At the conclusion of the hearing, the trial court took the motion under advisement and requested briefs from both sides. No ruling was made within thirty days after the hearing. The thirtieth day from the date of hearing was December 3, 1996. Thus, under our holding in *Gwin,* the period of time from July 15 to December 3, 141 days, should be excluded from the calculation of speedy trial as a period of delay attributable to hearings on a pretrial motion.

*Ferguson,* 343 Ark. at 171, 33 S.W.3d at 123. *See also Gwin v. State,* 340 Ark. 302, 306, 9 S.W.3d 501, 504 (2000) (" . . . the excluded period contemplated by the rule begins at the time the pretrial motion is made and includes those periods of delay attributable to the defendant until the motion is heard by the court and not more than thirty days thereafter."). Although the State claims that in the instant case, appellant's motions were not "heard" at the June 26, 2000 hearing, the prosecutor was in fact present and represented as stated on the cover page of the hearing's transcript. The prosecutor failed to object to Zangerl's counsel's statement

that the motions could be decided on the motions or briefs. Moreover, the record fails to reflect that any briefs were filed by either party.

The State submits as persuasive authority the United States Supreme Court decision of *Henderson v. United States*, 476 U.S. 321 (1986), and argues that it stands for the proposition that a motion is not "under advisement" until all the papers it reasonably expects to aid it in ruling on the motion are received. The State's citation is unpersuasive. The Court said in *Henderson* that it was "consistent with [the] exclusion [permitted by another statute] to exclude time when the court awaits the briefs and materials needed to resolve a motion on which a hearing has been held[.] . . . We therefore hold that subsection (F) excludes time after a hearing has been held where a district court awaits additional filings from the parties that are needed for proper disposition of the motion." 476 U.S. at 331. The facts in *Henderson* are not the facts in the instant case, as we have no evidence before us that briefs were ever filed in this case. Ultimately, the circuit court apparently decided the motions without briefs. Why there was such a delay in deciding the motions is unclear. What we do know is that the circuit court asked that briefs be submitted on July 11, 2000, and that the circuit court noted it was "waiting" on defense counsel's brief on October 19, 2000. Zangerl denies that he requested a continuance based on briefing.

■ ■ We conclude that Rule 28.3(a) is clear in its terms and provides that no pretrial motion shall be held under advisement for more than thirty days, and our case law confirms this. The question then becomes when was the case taken under advisement. We answer the question by looking to the date that the judge asked for briefs, July 11, 2000. Hence, thirty days from that date would be August 10, 2000. However, this time period was within the time already conceded by Zangerl as chargeable to him. Accordingly, the State still fails to meet its burden of showing that the delay in trying Zangerl was the result of his conduct or otherwise legally justified. In sum, we conclude the following time is chargeable to the State:

| | |
|---|---:|
| August 25, 1999 — September 14, 1999 | 20 days |
| November 9, 1999 — June 21, 2000 | 225 days |
| August 10, 2000 — February 13, 2001 | 187 days |
| Total | 432 days |

■ ■ There is one further point. As stated previously, Zangerl filed his motion to dismiss on April 9, 2001. The date the speedy-trial motion is filed by a defendant tolls the running of the time for speedy trial under our rules. *See Doby v. Jefferson County Circuit Court*, 350 Ark. 505, 88 S.W.3d 824 (2002); *Moody v. Arkansas County Circuit Court, supra; Ibsen v. Plegge, supra.* This time between August 25, 1999, and April 9, 2001, is 593 days. Thus, the State had the burden of showing that at least 228 days were properly excluded in order for Zangerl to have been timely brought to trial. Here, Zangerl only conceded 168 days were chargeable to him. Thus, the State was left with the burden of showing that at least 60 additional days could be properly excluded. This the State failed to do.

■ Again, we are mindful of the fact that on October 19, 2000, there was a letter from the court resetting the case which referred to "Defendant's request, waiting on a brief from Mr. Molock[.]" Defense counsel disputes the fact that he requested a continuance for briefing purposes. We admit to some ambivalence on the point in light of this docket entry. Nevertheless, the question is whose obligation is it to bring a defendant to trial in 365 days. Our Criminal Rule 28 places that burden squarely on the shoulders of the State. In this case, approximately four months passed from the date pretrial motions were filed to October 19, 2000, and seven months passed between the time the motions were filed and their denial. The circuit court ordered briefs due by July 11, 2000, and they apparently were never filed. Saddling the defendant with a four-month or seven-month delay because pretrial motions were not decided runs counter to the express policy behind Rule 28 and specifically Rule 28.3(a), which expressly limits excludable time for pretrial motions. A defendant is not required to bring himself to trial or "bang on the courthouse door" to preserve his right to a speedy trial; the burden is on the courts and the prosecutors to see that trials are held in a timely

fashion. *Nelson v. State*, 350 Ark. 311, 86 S.W.3d 909 (2002) (quoting *Burmingham v. State, supra*). *See also Jones v. State*, 347 Ark. 455, 65 S.W.3d 402 (2002).

 Under the dissent's analysis, there was no obligation on the part of the State or the court to move this case along even though Rule 28.3(b) specifies a 30-day time limit for an exclusion after pretrial motions are taken under advisement. We believe the date the briefs were due must be the operative date. Otherwise, a circuit court could set a date for briefs and then the State and the court could wash their hands of any responsibility to comply with the speedy-trial rule until the briefs were filed. That could take seven months, which is exactly what occurred in the case before us. And we still do not know whether a brief was actually filed or whether only cases were sent to the court because no evidence of this is in the record. Such a loophole undermines completely the obligation of the State and the court to bring a person to trial within twelve months of the date of arrest. Again, our Rule 28.3(b) is clear — only thirty days from when the motion was taken under advisement is excludable. The rule makes no reference to when the matter was "heard."

 We conclude that the State failed to meet its burden of showing that the seventy days between August 10, 2000, and October 19, 2000, are chargeable to Zangerl. This is especially true in light of the policy expressed in Rule 28.3(a) relating to excludable time for pretrial motions. Because we decide the issue on this basis, we need not address Zangerl's second point that a mere reference to "docket congestion, older case tried" does not comply with Rule 28.3(b).

Reversed and dismissed.

GLAZE, CORBIN, and HANNAH, JJ., dissent.

JIM HANNAH, Justice, dissenting. I must respectfully dissent. I disagree with the majority's finding that Zangerl's case was taken under advisement on July 11, 2000, the date the briefs were to be submitted to the trial court. I agree with the

State's contention that the entire period from August 10, 2000, until at least October 19, 2000, should be excluded.[1]

Rule 28.3(a) of the Arkansas Rules of Criminal Procedure provides, in part, that "[n]o pretrial motion shall be held under advisement for more than thirty (30) days, and the period of time in excess of thirty (30) days during which any such motion is held under advisement shall not be considered an excluded period." At the pretrial conference on June 26, 2000, the following colloquy took place between defense counsel and the trial court:

> DEFENSE COUNSEL: . . . And I think [the motions] are of a variety that can be dealt with by the Court, based on the motions and perhaps briefs, but that we would not need an evidentiary hearing on those . . . .
>
> * * *
>
> THE COURT: Why don't we make briefs due, like, the eleventh. . . .

Clearly, the June 26 pretrial conference was not a hearing on the motions, and the motions were not submitted to the court for decision on that date, nor were the motions taken under advisement on that date. For whatever reason, Zangerl failed to file a brief on July 11.

The majority states that the issue is "when was the case taken under advisement." The answer, according to the majority, is "the date that the judge asked for briefs, July 11, 2000." By stating that the first day the motion was held under advisement is the date that the brief was *due*, the majority, in effect, condones Zangerl's refusal to comply with the court's order to submit his brief on July 11, 2000.

In *Gwin v. State*, 340 Ark. 302, 306, 9 S.W.3d 501 (2000), we held that the excluded period contemplated by Rule 28.3(a) "begins at the time the pretrial motion is made and includes those

---

[1] As the majority points out, Zangerl conceded the period from June 21, 2000, to August 10, 2000. The only time period at issue is the period between August 10, 2000, and October 19, 2000.

periods of delay attributable to the defendant until the motion is *heard by the court and not more than thirty days thereafter.*" (Emphasis added.) Zangerl made his pretrial motions on June 21, 2000. The motion was not heard by the court on July 11; rather, the briefs were *due* on July 11. It is obvious from the docket sheet that Zangerl's brief had still not been received on October 19, 2000.

The majority states that we addressed a similar scenario in *Ferguson v. State*, 343 Ark. 159, 33 S.W.3d 115 (2000), where we stated:

> For example, on July 15, 1996, Appellant filed a motion to suppress the custodial statements made by Appellant to his fellow inmates. On August 5, 1996, a continuance was granted upon agreement of the parties to obtain additional information from the lead police investigator that was pertinent to his pretrial motions. *The suppression hearing was held on November 4, 1996.* At the conclusion of the hearing, the trial court took the motion under advisement and requested briefs from both sides. No ruling was made within thirty days after the [suppression] hearing. The thirtieth day from the date of [the suppression] hearing was on December 3, 1996. Thus, under our holding in *Gwin*, the period of time from July 15 to December 3, 141 days, should be excluded from the calculation of speedy trial as a period of delay attributable to hearings on a pretrial motion.

*Ferguson*, 343 Ark. at 171 (emphasis added).

*Ferguson, supra*, is distinguishable from the present case. In the present case, there was no hearing on the merits of Zangerl's pretrial motions prior to the trial court's request on June 26 that briefs be submitted on July 11. The facts indicate that in *Ferguson, supra*, the trial court conducted a suppression hearing, where it addressed the merits of the motion, prior to the request for briefs. The majority indicates that the court addressed the "status" of the motions in the pretrial hearing held on June 26; however, the "status" hearing did not include a hearing on the merits of Zangerl's motions.

The majority states that "we have no evidence before us that briefs were ever filed in this case." Although the actual briefs are not included in the record, we do have evidence before us that briefs were filed. On April 6, 2001, prior to Zangerl's trial on

the merits, defense counsel acknowledged that he had filed a brief, stating:

> DEFENSE COUNSEL: . . . [B]riefs or authorities were directed to be supplied and in all being perfectly candid with the Court, I do not know what date I supplied those - my authorities to the Court. Unfortunately, my transmittal letter to the Court which was prepared by myself and not by my secretary who does much better work, did not have a date.

Later, defense counsel argued that the continuance noted on the docket sheet on October 19, which stated that the case was reset at the defendant's request, could not be charged against Zangerl because there was no record of a request by the defense. Defense counsel stated:

> DEFENSE COUNSEL: There is no Motion, there is no letter that was charged to the defense I guess administratively by the Court because it's apparently attributable to the fact that Your Honor did not have my brief.

It is clear from the record that Zangerl did submit a brief. It is equally clear from the record that Zangerl's attorney knew that he had been directed by the trial judge to submit a brief and that the trial judge was waiting on the brief before he decided the motion.

The majority is correct in stating that the issue is "when was the case taken under advisement." The thirty-day rule in Rule 28.3 is not triggered until the motion is *heard* by the trial court and is submitted to the trial court for decision. In this case, there was neither a hearing on the merits of Zangerl's motion nor was the case submitted to the trial court for decision prior to October 19, 2000. At the June 26, 2000, pretrial conference, the trial court requested briefs. It is clear that Zangerl's motions were not submitted to the trial court for decision until the briefs were filed. A trial court cannot take a motion under advisement until the motion has been submitted for decision to the trial court. The

docket entry on October 19, 2000, which stated that Zangerl's brief had not been received, leaves no doubt that the trial court did not consider Zangerl's motions submitted for decision as of that date. The trial could not proceed until Zangerl's motions were decided.

The period from August 10, 2000, to October 19, 2000, a total of 70 days, should be excluded. When the period of 70 days is subtracted from the majority's total of 432 days, the number of days which can be excluded is 362 days, an amount which is within the speedy-trial period.

The trial court's denial of Zangerl's motion to dismiss should be affirmed.

GLAZE and CORBIN, JJ., join this dissent.