Lee RHODEN *v.* STATE of Arkansas

CA CR 06-860 256 S.W.3d 506

Court of Appeals of Arkansas
Opinion delivered May 2, 2007

[Rehearing denied June 6, 2007.]

*The Blagg Law Firm*, by: *Ralph J. Blagg*, for appellant.

*Mike Beebe*, Att'y Gen., by: *Karen Virginia Wallace*, Ass't Att'y Gen., for appellee.

ROBERT J. GLADWIN, Judge. Appellant Lee Rhoden appeals his conviction on charges of driving while intoxicated, first offense, and driving without a driver's license. On appeal, he argues that he was not brought to trial within twelve months as required by Arkansas Rule of Criminal Procedure 28.1 (2006). We find merit in the argument and reverse and dismiss.

Appellant was arrested on April 26, 2003, and, pursuant to Rule 28, he should have been brought to trial by April 26, 2004, if there were no excludable periods under Arkansas Rule of Criminal Procedure 28.3 (2006). His trial in district court did not occur until January 20, 2005, or 634 days after his arrest, at which time he was found guilty. He filed a notice of appeal to the circuit court on February 11, 2005, accompanied by a twenty-one page transcript of the district-court trial prepared and certified by the clerk for the Saline County District Court. Additionally, appellant filed a motion to dismiss for violation of the right to a speedy trial with the circuit court on September 26, 2005, on the basis that of the 634 days between his arrest and district court trial, only 133 were chargeable to him, leaving 136 days to be accounted for by the State.

The State responded by submitting docket sheets from the district court, which were not part of the record submitted to the circuit court by appellant. The State alleged that 217 days were chargeable to appellant related to State's Exhibits three, four, and five, which show continuances granted, allegedly at the request of appellant, for seventy, eighty-four, and sixty-three days, respectively. The State contends that another 119 days should be excluded from the calculation because of the unavailability of the arresting officer, which would bring the number of days between appellant's arrest and trial down to 298, within the amount of time allowed under Ark. R. Crim. P. 28. Based on the pleadings, the circuit court denied appellant's motion to dismiss on October 19, 2005, and dealt with the objection to the admissibility of the submitted docket sheets at the beginning of the circuit-court trial held on April 10, 2006. The district court judge was called to testify regarding the docket-sheet entries in question, at which time he explained that he neither made the entries nor had personal knowledge about the requests for continuances. Appellant was convicted pursuant to a judgment filed April 11, 2006, and he filed his notice of appeal on May 8, 2006.

As stated above, under Rule 28.1 of the Arkansas Rules of Criminal Procedure, a defendant must be brought to trial within twelve months unless there are periods of delay that are excluded under Rule 28.3. *Gondolfi v. Clinger*, 352 Ark. 156, 98 S.W.3d 812 (2003). Rule 28.3 of the Arkansas Rules of Criminal Procedure allows the following exclusions:

> (a) The period of delay resulting from other proceedings concerning the defendant, including but not limited to an examination and hearing on the competency of the defendant and the period during which he is incompetent to stand trial, hearings on pretrial motions, interlocutory appeals, and trials of other charges against the defendant. No pretrial motion shall be held under advisement for more than thirty (30) days, and the period of time in excess of thirty (30) days during which any such motion is held under advisement shall not be considered an excluded period.
>
> (b) The period of delay resulting from a continuance attributable to congestion of the trial docket if in a written order or docket entry at the time the continuance is granted:
>
>> (1) the court explains with particularity the reasons the trial docket does not permit trial on the date originally scheduled;

(2) the court determines that the delay will not prejudice the defendant; and

(3) the court schedules the trial on the next available date permitted by the trial docket.

(c) The period of delay resulting from a continuance granted at the request of the defendant or his counsel. All continuances granted at the request of the defendant or his counsel shall be to a day certain, and the period of delay shall be from the date the continuance is granted until such subsequent date contained in the order or docket entry granting the continuance.

(d) The period of delay resulting from a continuance (calculated from the date the continuance is granted until the subsequent date contained in the order or docket entry granting the continuance) granted at the request of the prosecuting attorney, if:

(1) the continuance is granted because of the unavailability of evidence material to the state's case, when due diligence has been exercised to obtain such evidence and there are reasonable grounds to believe that such evidence will be available at a later date; or

(2) the continuance is granted in a felony case to allow the prosecuting attorney additional time to prepare the state's case and additional time is justified because of the exceptional complexity of the particular case.

(e) The period of delay resulting from the absence or unavailability of the defendant. A defendant shall be considered absent whenever his whereabouts are unknown. A defendant shall also be considered unavailable whenever his whereabouts are known but his presence for the trial cannot be obtained or he resists being returned to the state for trial.

(f) The time between a dismissal or nolle prosequi upon motion of the prosecuting attorney for good cause shown, and the time the charge is later filed for the same offense or an offense required to be joined with that offense.

(g) A reasonable period of delay when the defendant is joined for trial with a codefendant as to whom the time for trial has not run

and there is good cause for not granting a severance. In all other cases the defendant acting with due diligence shall be granted a severance so that he may be tried within the time limits applicable to him.

(h) Other periods of delay for good cause.

The appellate court reviews the excludability of periods of time for speedy-trial calculation de novo. *Cherry v. State*, 347 Ark. 606, 66 S.W.3d 605 (2002). The time for trial begins to run from the date the charge is filed; but if prior to that time the defendant has been continuously held in custody, on bail, or lawfully at liberty, the time shall begin to run from the date of arrest. *See* Ark. R. Crim. P. 28.2(a); *Zangerl v. State*, 352 Ark. 278, 100 S.W.3d 695 (2003). Once a defendant demonstrates a prima facie case of a speedy-trial violation, specifically, that the trial is or will be held outside the applicable speedy-trial period, the burden is on the State to show that the delay was the result of the defendant's conduct or was otherwise justified. *Zangerl, supra.* If a defendant is not brought to trial within the requisite time, Ark. R. Crim. P. 30.1 (2006) provides that the defendant will be discharged; such discharge is an absolute bar to prosecution of the same offense and any other offense required to be joined with the discharged offense.

Here, because appellant was not brought to trial within twelve months of the date of his arrest, he presented a prima facie case for a speedy-trial challenge; the burden of proving that the extra days were legally justified and excludable now shifts to the State. *Zangerl, supra.* The delay between the date of arrest and trial was 634 days; accordingly, the State bears the burden of showing that at least 269 days should not be included in the calculation. Appellant contends that the record before the circuit court established that there was one adjournment, or continuance, granted at the request of appellant's counsel, in the amount of sixty-three days.[1] He maintains that the remaining days cannot be justified as excludable under Rule 28.3.

Appellant contends that the circuit court relied on evidence not in the record in making its calculations. Appellant initiated the appeal by filing a notice of appeal and the district-court record

---

[1] That continuance is the only one evidenced by an order in the record and was filemarked as of November 18, 2004, continuing the trial from that date until January 20, 2005.

with the circuit court, and the transcript of the district-court proceedings was certified by the clerk of the district court as a "true and correct record." That transcript did not include any record of continuances or the basis therefore, and appellant argues that the court's review of the matter is restricted to the documents included under the certification of the district-court clerk in the transcript that was filed.

Rule 28.3 states that such periods of continuances or delay shall be set forth by the court in a written order or docket entry. Where the record does not include docket entries establishing the basis for continuances, appellant asserts that the State cannot meet its burden and the case must be dismissed under Rule 28.1. *See Worley v. State*, 71 Ark. App. 80, 26 S.W.3d 142 (2000); *McClung v. State*, 53 Ark. App. 196, 920 S.W.2d 867 (1996). He points out that this case is similar to *Shaw v. State*, 18 Ark. App. 243, 712 S.W.2d 338 (1986), where the State was required to justify a delay of twenty-seven months in bringing a DWI case to trial where the record did not contain any written order or docket entry setting forth the excluded periods or the number of days in each period. This court reversed the conviction because the circuit court failed to comply with the requirement of having a supporting order or docket entry in the record.

Additionally, appellant argues that the defects in the record were not remedied by the testimony of District Court Judge Curtis Rickard. Judge Rickard's testimony was taken at the beginning of the circuit-court trial held on April 10, 2006, in an attempt to explain State's Exhibits three, four, and five, the docket-sheet entries that the State submitted in response to appellant's motion to dismiss. Appellant objected to the admission of the documents because the docket sheets were neither part of the certified record nor verified or certified by the clerk of the district court, and because he disputed the accuracy of the notations on the docket sheets that reflected that all of the continuances were requested by his attorney. Judge Rickard testified that nine times out of ten, a continuance request is granted, or docketed, by the clerk of the district court. Judge Rickard explained that he had not personally written the docket entries in question and that the only continuance entered by the district court was in response to a motion from appellant, as evidenced by the order in the record filemarked November 18, 2004, for a period of sixty-three days. He testified that he had no knowledge regarding the district clerk's conversa-

tions with parties requesting continuances and that it was possible that the clerk would mistakenly attribute a request for a continuance to appellant.

It should be noted that the State failed to call the district clerk to testify to assist in resolving this issue, even after it became evident that the district judge did not have sufficient personal knowledge to satisfy the evidentiary requirements. Despite the fact that Judge Rickard admitted that he had no personal knowledge regarding the docket entries, and even though he was unable to properly authenticate the docket entries and was not competent to offer testimony on the issue under Ark. R. Evid. 602 and 901 (2006), the circuit court denied appellant's motion to dismiss.

Appellant's argument concerning the specific continuances noted in State's Exhibits three and five is not preserved because appellant's counsel admitted at trial that State's Exhibit four reflected the "one continuance [he] did not make." That continuance was from November 13, 2003 to February 5, 2005, or eighty-four days. Attributing the seventy and sixty-three day continuances from State's Exhibits three and five, respectively, takes the number of days between the filing of the information and the district-court trial down to 501. The continuance associated with State's Exhibit four is a period of eighty-four days, and we hold that the State failed to present sufficient evidence to make that period attributable to appellant because the associated docket sheet was neither part of the transcript submitted to the circuit court nor independently verified and certified by the clerk of the district court. As such, the docket sheet entry was hearsay and not properly before the circuit court for consideration. The State cites *Miles v. State*, 348 Ark. 544, 75 S.W.3d 677 (2002), for the proposition that excluded periods without a written order or docket entry will be upheld where the record clearly demonstrates that the delays were attributable to the accused or legally justified and where the reasons were memorialized in the proceedings at the time of the occurrence. We disagree with the State's assertion that the docket sheets in question were properly authenticated by the district court judge, who testified without objection from appellant. His testimony failed to remedy the defects in the record before the circuit court.

The State argues that appellant failed to make a timely objection regarding the submission of the docket sheets charging the continuances to him. Appellant filed his notice of appeal from

district court on February 11, 2005, and his motion to dismiss on September 26, 2005. The State responded on September 28, 2005, attaching the docket sheets in question. The circuit court relied upon the pleadings, including the docket sheets, and denied the motion by letter dated October 4, 2005. An order evidencing that decision was entered on October 19, 2005; however, appellant's counsel asserted, on April 10, 2006, at the beginning of the trial, that he never received a copy of that order. The State claims that by waiting until the speedy-trial time period expired to call attention to the deficiencies in the docket entries, appellant waived his right to complain about them at a later date. *See Cupples v. State*, 326 Ark. 31, 926 S.W.2d 150 (1996).

 This case involves an appeal from district court to circuit court for trial de novo. To reiterate, appellant filed his notice of appeal to the circuit court on February 11, 2005, accompanied by a twenty-one page transcript prepared and certified by the clerk for the Saline County District Court. He subsequently filed a motion to dismiss for violation of the right to a speedy trial with the circuit court on September 26, 2005. Appellant learned of the docket-sheet entries in question only upon the State responding to his motion and attaching the docket sheets from the district court, which had not previously been submitted to the circuit court. The circuit court denied appellant's motion to dismiss based upon the documentary evidence presented by the State, without the benefit of a hearing, pursuant to an order entered October 19, 2005. Appellant raised this issue before the circuit court on April 10, 2006, the next time he is on the record before the circuit court prior to the beginning of the trial. This case can be distinguished from *Cupples, supra*, where the defendant learned of the excluded periods that were objectionable to him within the twelve-month period but chose to wait to call them to the trial court's attention until the period had expired. Here, the speedy-trial period in question had long since expired before the proceedings reached the circuit court level. While we do not disagree with the proposition that it is a defendant's burden to bring a docket error that affects his speedy trial rights to the trial court's attention upon the discovery thereof, we decline to impute knowledge of the contents of the docket sheets to appellant prior to their proper submission before the circuit court. We reiterate that the docket-sheet entries were hearsay and not properly before

the circuit court for consideration, and the State failed to meet its burden of proving that the extra days were legally justified and excludable.

Regarding the remaining disputed time period of 119 days attributed to the unavailability of the arresting officer due to his military deployment, even if it was determined to be excludable, the days to be counted between appellant's arrest and trial would remain at 382, which still violates appellant's right to a speedy trial. Accordingly, we need not address the applicability of Rule 28.3(d)(1) or Rule 28.3(h).

Reversed and dismissed.

BIRD and VAUGHT, JJ., agree.