

# ARKANSAS COURT OF APPEALS

DIVISION III
No. CR–13–816

| | |
|---|---|
| | **Opinion Delivered** September 24, 2014 |
| JARROD WILLIAM HOLMES<br>APPELLANT | APPEAL FROM THE SALINE COUNTY CIRCUIT COURT<br>[NO. CR–2011-535A-2] |
| V. | |
| STATE OF ARKANSAS<br>APPELLEE | HONORABLE GARY ARNOLD, JUDGE |
| | AFFIRMED |

## RHONDA K. WOOD, Judge

Jarrod Holmes pleaded guilty to three drug crimes. He tried to withdraw his plea after the court denied his motion to exclude evidence of the crime during jury sentencing. He now appeals the denial of his motion to withdraw and the denial of his motion to exclude the evidence. We affirm and hold that the circuit court did not abuse its discretion when it denied both motions.

Holmes pleaded guilty to trafficking methamphetamine, possessing drug paraphernalia with intent to manufacture, and maintaining a drug premise within 1000 feet of a city park. At his sentencing hearing in front of a jury, his attorney filed a motion to exclude photographs of the crime scene, physical evidence, and his recorded interview with the police. The court denied the motion. At that point, Holmes himself interjected and asked to withdraw his guilty plea. He argued that the only reason he pleaded guilty was to avoid having the evidence admitted in front of a jury. And he claimed that he did



so only because his attorney promised him that if he pleaded guilty, the State couldn't show the pictures and other evidence to the jury:

> I took my attorney's advice and pleading [*sic*] guilty to these charges on the sole basis, sir, on the sole basis that I wasn't [*sic*] told we can try and keep this evidence from getting presented. I was told, this evidence doesn't get presented. This is the way it works. The jury doesn't have to see all this, Mr. Holmes. That's why I would do this.

His attorney replied that he had told Holmes the only way to exclude the evidence was to plead guilty and then make a motion to exclude the evidence during sentencing:

> I had told him previously that the only possible way to keep it out was for us to plead and enter the motion. You know, I—I mean I think I'm entitled to my professional opinion, that's the only way to go about it, that's the best way to go about it, you know, and I see no basis for all of it but, you know, he was aware of that.

The court refused to allow Holmes to withdraw his plea. It explained:

> See, the thing is, he entered his guilty plea, we seated a jury, we started the trial. Things, as they often times do, didn't go the way people thought they were going to go. Well, I'm not going to—you don't get to stop in the middle of the proceeding or after the proceeding has started and say, whoa, I want a do over. You don't get to do that. The State doesn't nor does the defense.

The State eventually published the evidence to the jury during the sentencing hearing, and the jury sentenced him to 30 years in prison.[1]

First, Holmes argues that the court should have allowed him to withdraw his guilty plea. After a court has accepted a defendant's guilty plea, the withdrawal of a plea shall be deemed necessary to correct a manifest injustice if the defendant proves to the satisfaction of the court that he was denied effective assistance of counsel. Ark. R. Crim. P. 26.1(b)(i)

---

[1]This was 30 years on the trafficking charge; 10 years on the possession-of-paraphernalia charge; and 10 years on the drug-premise charge. The court ruled that the sentences would run concurrently.

SLIP OPINION

(2013). This is a discretionary decision left to the circuit court. *Hagen v. State*, 2010 Ark. App. 322. A defendant whose conviction is based on a guilty plea will normally have difficulty proving any prejudice since his plea rests upon his admission in open court that he did the act with which he was charged. *Id.*

Here, the court acted within its discretion when it denied Holmes's motion. A denial of motion in limine during sentencing does not provide a basis to withdraw a guilty plea. Holmes argues that his lawyer essentially guaranteed a victory on the evidence-exclusion issue during sentencing. Nothing in the record supports that assertion besides Holmes's self-serving statement. As his attorney explained, the best way to exclude the evidence was to make a motion during sentencing because that evidence would most certainly have been admitted during the guilt phase. Just because the court sided with the State on the exclusion argument does not mean that Holmes's guilty plea resulted from ineffective counsel.

Second, Holmes argues that the court erred in admitting the evidence of the crimes during sentencing. This evidence included a bag of methamphetamine, photographs of the physical evidence the police collected from the crime scene (mainly, the items used to manufacture methamphetamine), and Holmes's recorded interview with the police after he was arrested. Holmes argues that his guilt had already been established and that this evidence, while relevant, only served to inflame and prejudice the jury against him.

All relevant evidence is admissible. Ark. R. Evid. 402 (2013). However, the court can exclude otherwise relevant evidence "if its probative value is substantially outweighed by the danger of unfair prejudice . . . or needless presentation of cumulative evidence."

3

Ark R. Evid. 403. We review a court's decision to admit or exclude evidence for an abuse of discretion. *See Anderson v. State*, 93 Ark. App. 454, 220 S.W.3d 225 (2005).

Again, the circuit court did not abuse its discretion when it admitted this evidence over Holmes's Rule 403 objection. The physical evidence, pictures, and interview were necessary to establish a factual basis for the crimes committed. This evidence allowed the State to present a complete portrait of the crimes, especially because the sentencing jury did not hear the facts during the guilt phase because of the plea. Of course, the evidence, pictures, and interview likely hurt Holmes's case in the jury's eyes. But the fact that evidence is prejudicial to a party is not, in itself, reason to exclude evidence; rather, the danger of unfair prejudice must substantially outweigh the probative value of the evidence. *Branstetter v. State*, 346 Ark. 62, 57 S.W.3d 105 (2001). Given the wide discretion circuit courts are afforded on evidentiary issues, we hold that the court did not abuse its discretion when it admitted the evidence of Holmes's actual crimes during sentencing.

Affirmed.

GLADWIN, C.J., and BROWN, J., agree.

*Knutson Law Firm*, by: *Gregg A. Knutson*, for appellant.

*Dustin McDaniel*, Att'y Gen., by: *Kathryn Henry*, Ass't Att'y Gen., for appellee.